IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM T. RADER,<br><br>Defendant. | 8:23–CR–119<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter is before the Court on the Government's Motion for Preliminary Order of Forfeiture. Filing 72. The Defendant has not filed a response to this Motion and the time for doing so has since expired. *See* NECrimR 12.3(c)(1)(B). Having reviewed the record in this case and being duly advised in the premises, the Court finds as follows:

1. On May 16, 2023, the Grand Jury returned an Indictment charging Defendant William T. Rader with one count of receiving and possessing unregistered firearms in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Filing 1 at 1. The Indictment also included a Forfeiture Allegation referencing 36 specific items of property. Filing 1 at 4–6. These items of property included firearms, silencers, silencer parts, and ammunition. Filing 1 at 4–6.

2. On May 1, 2024, the Defendant submitted a Petition to Enter a Plea of Guilty wherein he acknowledged that he would be forfeiting property to the United States as a result of his guilty plea. Filing 69 at 4. At a change of plea hearing before a United States Magistrate Judge that was held the same day, the Defendant pleaded guilty to Count I of the Indictment. Filing 71 at 19–20. The Defendant did so without a plea agreement. Filing 71 at 20.

1

3. The parties also addressed the issue of forfeiture during the hearing. Filing 71 at 14–19. The Government clarified that although 36 items were listed in the Forfeiture Allegation of the Indictment, the Government was also seeking forfeiture of an additional "item" consisting of "19 rounds of ammunition." Filing 71 at 14.[1] The Magistrate Judge advised the Defendant that these 37 items which were seized on March 19, 2023, could be subject to forfeiture. Filing 71 at 15–26. He asked the Defendant if he understood "that any property or currency that has something to do with the crime outlined in the indictment that was used in whole or in part or was proceeds in whole or in part from the crime or was proceeds from the crime, those items could be subject to forfeiture[.]" Filing 71 at 16. The Defendant acknowledged his understanding, expressed that he was "willing to give up these items" and also made clear that no one had "made any threats or promises to get [him] to do that[.]" Filing 71 at 16.[2] Counsel for the Defendant further clarified for the record that the forfeiture of the silencers is "clearly related to Count I" whereas, in his view, forfeiture of the other firearms is "related to aiding and abetting the codefendant's being a felon in possession of firearms." Filing 17 at 26. Counsel for the Government added that these firearms were "contraband associated with both counts[.]" Filing 71 at 18.

---

[1] In Attachment A to the Government's Motion for Preliminary Order of Forfeiture, the Government likewise notes that these 19 rounds of assorted ammunition were not specifically included "on [the] original Indictment" but were "verbally added during [the] Change of Plea." Filing 72-1 at 3. The Forfeiture Allegation of the Indictment makes clear that the property to be forfeited included the specifically referenced property but also is not limited to such property. Filing 1 at 4. *See* Fed. R. Crim. P. 32.2(a) ("The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment the government seeks").

[2] Counsel for the Defendant noted that there was a question as to whether certain "optics" that were seized qualified as firearms subject to forfeiture. Filing 71 at 15. Neither the Forfeiture Allegation of the Indictment nor the Government's Motion for Preliminary Order of Forfeiture specifically seeks forfeiture of any such optics—they instead only reference (1) firearms, (2) silencers, (3) ammunition, and (4) silencer parts. *See* Filing 1 at 4-6; Filing 72-1 at 1–3. Counsel for the Government explained at the change of plea hearing that "If there were optics that were attached to the firearms, then, you know, so be it . . . Those would -- those would be separated out." Filing 71 at 16. Accordingly, when the Magistrate Judge asked whether the Defendant was willing to forfeit this property, he caveated his questioning by saying, "except with regard to these optics that may be in dispute[.]" Filing 71 at 16.

2

4. After conducting a *de novo* review of the change of plea hearing, the Court accepted the Defendant's guilty plea. Filing 73. By virtue of the Defendant's plea of guilty and his admissions at the hearing before the Magistrate Judge on May 1, 2024, the Defendant has forfeited his interest in the property described in Attachment A to the Government's Preliminary Order of Forfeiture. Filing 72-1. The Government is entitled to possession of this property. *See* 18 U.S.C. § 924(d); 26 U.S.C. § 5872. Accordingly,

IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture, Filing 72, is granted;

2. Based upon the Forfeiture Allegation of the Indictment, Defendant's plea of guilty to Count I of the Indictment, and the Defendant's admissions at the change of plea hearing, the Government is hereby authorized to seize the following property that was recovered on or about March 19, 2023, from 435 County Road 23, Ceresco, Nebraska:

    a. Firearm: RIFLE, DPMS MODEL: LR-GII BULL, CAL: 762

    b. Firearm: RIFLE, SAVAGE, MODEL: 93, CAL: 17

    c. Firearm: RIFLE, SAVAGE, MODEL: 12, CAL: 204

    d. Firearm: RIFLE, SAVAGE MODEL: B22, CAL: 22

    e. Firearm: RIFLE, REMINGTON MODEL: NYLON 66, CAL: 22

    f. Firearm: SHOTGUN, MOSSBERG, MODEL: 500, CAL: 20

    g. Firearm: RIFLE, MARLIN MODEL: 883SS, CAL: 22

    h. Firearm: HANDGUN, HS PRODUCT (SPRINGFIELD) MODEL: XDM, CAL: 9

    i. Firearm: HANDGUN, BROWNING, MODEL: BUCKMARK, CAL: 22

j. Firearm: HANDGUN, RUGER, REVOLVER, MODEL: SINGLE TEN, CAL: 22

k. Firearm: HANDGUN, BOND ARMS INC., DERRINGER, MODEL: TEXAS DEFENDER, CAL: 45/410

l. Firearm: HANDGUN, HS PRODUKT (SPRINGFIELD) MODEL: XDM, CAL: 10

m. Firearm: RIFLE, DOUBLE STAR CORP., MODEL: STAR 15, CAL: 556

n. Firearm: RIFLE, HOWA, MODEL: 1500, CAL: 223

o. Firearm: RIFLE, HIPOINT MODEL: 1095TS, CAL: 10

p. Firearm: RIFLE, SAKO, MODEL: L61R FINNBEAR, CAL: 30-06

q. Silencers: (4) SUSPECTED SILENCERS

r. Firearm: HANDGUN, ARMSCOR (ROCK ISLAND) MODEL: XTM- 22, CAL: 22

s. Firearm: SHOTGUN, REMINGTON MODEL: 11, CAL: 12

t. Firearm: SHOTGUN, IVER JOHNSON, MODEL: CHAMPION MATTED RIB, CAL: 20

u. Firearm: SHOTGUN, MOSSBERG, MODEL: 835 ULTI-MAG, CAL: 12

v. Ammunition: ASSORTED AMMO, 125 ROUNDS

w. Silencer Parts: THREADED CAPS, CUP BAFFLING, TUBE EXTENSIONS, JIG/TEMPLATE

x. Firearm: RIFLE, RUGER, MODEL: 10/22, CAL: 22

y. Ammunition: ASSORTED AMMO, 46 ROUNDS

z. Firearm: HANDGUN, RUGER, MODEL: LCP II, CAL: 380

aa. Firearm: RIFLE, SAVAGE, MODEL: 110 WOLVERINE, CAL: 450

bb. Firearm: HANDGUN, RUGER, MODEL: 22/45 MARK IV TACT, CAL: 22

    cc. Firearm: RIFLE, BROWNING, MODEL: A-BOLT, CAL: 30-06

    dd. Ammunition: ASSORTED AMMO, 21 ROUNDS

    ee. Ammunition: ASSORTED AMMO, 1 ROUNDS

    ff. Ammunition: ASSORTED AMMO, 94 ROUNDS

    gg. Ammunition: ASSORTED AMMO 1449 ROUNDS (NF #42) 915 ROUNDS (NF#43)

    hh. Ammunition: ASSORTED AMMO, 9 ROUNDS

    ii. Firearm: RIFLE, BUSHMASTER MODEL: XM15-E2S, CAL: 556

    jj. Ammunition: ASSORTED AMMO, 109 ROUNDS

    kk. Ammunition: ASSORTED AMMO, 19 ROUNDS

3. Defendant's interest in the property described above in Paragraphs 2(a)–2(kk) is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1);

4. The property described above in Paragraphs 2(a)–2(kk) is to be held by the Government in its secure custody and control;

5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov., notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.


6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 20th day of June, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge